TODD BLANCHE
Acting Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264

EDNIN D. MARTINEZ
Assistant United States Attorney
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Ednin.Martinez@usdoj.gov

*Attorneys for the Federal Defendant*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| Lamija Redzic, *et al.*,<br><br>             Plaintiffs,<br><br>    v.<br><br>Joseph B. Edlow,<br><br>             Defendant. | Case No. 2:26-cv-00190-JCM-MDC<br><br>**Federal Defendant's UNOPPOSED Motion for Extension of Time to File Responsive Pleading, Amended Pursuant to Court's Minute Order, ECF No. 12** |

Federal Defendant, Joseph B. Edlow, by and through undersigned counsel, move this Court for a 60-day extension of time, from June 26, 2026, up to and including **August 25, 2026**, in which to file a responsive pleading to Plaintiffs' First Amended Complaint for Writ of Mandamus. This extension is necessary to allow the agency to review the file, gather facts, conduct an analysis, and render an adjudication.

On June 26, 2026, the parties conferred, and Plaintiffs agreed to a sixty-day extension.

This is Federal Defendant's first request for an extension of time. This request is made in good faith and not for the purpose of any undue delay.

**Memorandum of Points and Authorities**

Under Federal Rule of Civil Procedure 6(b), a court may, "for good cause," extend a deadline if a request is made "before the original time or its extension requires." Fed. R. Civ. P. 6(b)(1)(A); *see also* Local Rule IA 6-1(a). The Ninth Circuit has equated good cause with the exercise of due diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th

Cir. 1992). Additionally, Fed. R. Civ. P. 6(b)(1) should "be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits," and "requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (internal citations omitted). Courts also have inherent authority to manage their own dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

Undersigned counsel is acting diligently by coordinating with United States Citizenship and Immigration Services (USCIS). USCIS needs additional time to review the file, gather facts, conduct an analysis, and render an adjudication. Without such additional time, a proper response cannot be prepared. For these reasons, Federal Defendant respectfully request a sixty-day extension from June 26, 2026, to **August 25, 2026**, to file a responsive pleading.

*/ / /*

If this unopposed motion for an extension of time is granted, the new deadline to file a responsive pleading will be **August 26, 2026**. Given Federal Defendant's diligence, and Plaintiffs' lack of opposition, good cause exists for the sixty-day extension. Federal Defendant, therefore, respectfully requests that the Court grant this amended motion.

Respectfully re-submitted this 30th day of June 2026.

TODD BLANCHE
Acting U.S. Attorney General
SIGAL CHATTAH
First Assistant United States Attorney

 /s/ Ednin D. Martinez
EDNIN D. MARTINEZ
Assistant United States Attorney


**ORDER**
IT IS SO ORDERED:


_____
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED: __July 2, 2026__

3