**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Lamija Redzic, *et al.*,

Plaintiffs,

vs.

Joseph B. Edlow

Defendant.

Case No. 2:26-cv-00190-JCM-MDC

**ORDER GRANTING MOTION TO EXTEND TIME (ECF NO. 15)**

Defendant filed a *Motion to Extend Time* (ECF No. 15) ("Motion") to respond plaintiffs' First Amended Complaint (ECF No. 3). The Court **GRANTS** the Motion for the reasons set forth below. Defendant shall have until **October 29, 2026**, to respond to plaintiffs' Complaint.

## I. PROCEDURAL BACKGROUND

Defendant moves to extend the deadline to respond to plaintiffs' Motion to October 29, 2026. *ECF No. 15*. Plaintiffs oppose the Motion. *ECF No. 16*.[1]

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure (Federal Rule) 6(b)(1), "[w]hen an act… must be done within a specified time, the court may, for good cause with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]". Fed. R. Civ. P. 6(b)(1). Requests for extension of time should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).

//

[1] Plaintiffs also filed an Errata, which is identical to their Opposition except for having supporting exhibits that they referenced in their Opposition but were not originally attached. *ECF No. 17*.

**B. Analysis**

In supporting its request for an extension, defendant states that waiting plaintiffs' response to a Request for Evidence ("RFA") issued on July 7, 2026, in order to prepare its response to plaintiffs' First Amended Complaint. *ECF No. 15*. Plaintiffs dispute defendant's representations and state that the RFA at issue was made on June 29, 2026 (ECF No. 17 at 8) and that plaintiffs promptly responded on June 30, 2026 (ECF No. 17 at 15). Plaintiffs thus argue that defendant has had the necessary information to respond to the First Amended Complaint since June 30, 2026. *See ECF No. 17*. Defendant did not respond to or otherwise dispute plaintiffs' assertions.

Plaintiffs also claim they are prejudiced by continued delays because such delays preclude the orderly and reasonable adjudication of their claims. *ECF Nos. 16*, *17*. However, these are general claims of prejudice. Because plaintiffs did not identify any specific, immediate prejudice or harm, the Court grants the defendant's Motion under the circumstances. *See Ahanchian*, 624 F.3d at 1259. However, because defendant did not dispute plaintiffs' assertions that plaintiffs responded to the Request for Evidence on June 30, 2026, defendant is cautioned that no further extensions may be granted absent extraordinary and substantiated circumstances. *See Manley v. Zimmer*, No. 3:11-cv-0636-RCJ-WGC, 2014 WL 4471662, at *6 (D. Nev. September 10, 2014) ("[I]t is the trial court's responsibility to exercise its discretion in granting or denying extensions of time as it manages the progress of litigation.").

ACCORDINGLY,

**IT IS ORDERED that:**

1. Defendant's *Motion to Extend Time* (ECF No. 15) is **GRANTED**. Defendant has until **October 29, 2026,** to respond to plaintiffs' First Amended Complaint (ECF No. 3).

2. The Court cautions defendant that no further extensions may be granted absent extraordinary and substantiated circumstances.

DATED: October 14, 2026.

IT IS SO ORDERED.

_______________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.